```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MICHAEL W. MCGUIGAN,

                Plaintiff,

     -against-                              MEMORANDUM AND ORDER
                                            08-CV-3065(JS)(ETB)
INTERNAL REVENUE SERVICE,

                Defendant.
----------------------------------X
APPEARANCES:
For Plaintiff:      Michael W. McGuigan, Pro Se
                    606 Birch Hollow Drive
                    Shirley, NY 11967

For Defendant:      Joseph R. Rodriguez, Esq.
                    U.S. Department of Justice
                    P.O. Box 55
                    Ben Franklin Station
                    Washington, DC 20044
```

SEYBERT District Judge:

INTRODUCTION

Pending before the Court is the Internal Revenue Service's ("IRS") motion to dismiss Michael W. McGuigan's ("Plaintiff" or "McGuigan") Complaint pursuant to Rules 12(b)(1) of the Federal Rules of Civil Procedure. For the reasons stated below, the Court GRANTS Defendant's motion to dismiss.

BACKGROUND

McGuigan finds himself in his unenviable position through the admitted fault of another. Plaintiff filed his 2001 individual federal tax return on April 15, 2002. (Def.'s Ex. 1, 1.) The final payment relating to his 2001 tax liability occurred on April 15, 2003. (Id. at 2.) Almost four years later, in either January

or February 2007, Plaintiff received a letter from the United States Railroad Retirement Board (the "Board") stating that it had erred in determining which part of his pension was taxable, and which part should have been treated as Social Security. (Compl. ¶ iii.) The Board went on to advise Plaintiff to amend his tax returns for the taxable years 2001 through 2005. (Id.) Plaintiff filed a Form 1040X to amend his 2001 individual tax return on July 10, 2007. (Def.'s Ex. 1, 1.) The IRS disallowed his claim, denying the refund request for his 2001 taxes as untimely. (Compl. Ex. 1, 1.) Plaintiff then appealed that denial to the IRS Appeals section. (Id.) After the Appeals section similarly denied Plaintiff's claim, he filed a civil action against the "Internal Revenue Service"[1] in this Court.

---

[1] Plaintiff named the IRS as the Defendant in his suit. This was improper. An agency can only be sued in its own name when authorized by Congress. Blackmar v. Guerre, 342 U.S. 512, 515, 72 S. Ct. 410, 96 L. Ed. 534 (1952) ("When Congress authorizes one of its agencies to be sued eo nomine, it does so in explicit language, or impliedly because the agency is the offspring of such a suable entity."). And Congress has not authorized suit against the IRS in its own name. See Celauro v. I.R.S., 411 F. Supp. 2d 257, 268 (E.D.N.Y. 2006) ("Congress has not specifically authorized suit against the IRS."); Federal Nat. Mortg. Ass'n v. I.R.S., No. 98-CV-5174, 2001 WL 260076, at *2 (E.D.N.Y. 2001). Therefore, it is not a suable entity. But since Plaintiff is proceeding pro se, the Court will not dismiss his claim on this point. Pro se plaintiffs are entitled to a more liberal reading of their claims, see Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996), and the Court will consider this case as if Plaintiff had named the proper party.

DISCUSSION

I. Standard of Review

    A. Rule 12(b)(1)

When considering a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the Court may consider affidavits and other materials beyond the pleadings to resolve jurisdictional questions. See Robinson v. Gov't of Malay., 269 F.3d 133, 140 n.6 (2d Cir. 2001). Under Rule 12(b)(1), the Court will deem true the factual allegations contained in the complaint. See Jaghory v. New York State Dep't of Educ., 131 F.3d 326, 329 (2d Cir. 1997). When there is a question involving federal jurisdiction, such jurisdiction must be shown affirmatively. See Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998) (citing Norton v. Larney, 266 U.S. 511, 515, 45 S. Ct. 145, 69 L. Ed. 413 (1925)). Accordingly, the Court will not draw inferences favorable to the party asserting jurisdiction. See id.

II. Plaintiff's Complaint must be Dismissed

    A. Sovereign Immunity

The United States enjoys sovereign immunity from citizen's suits. United States v. Testan, 424 U.S. 392, 399, 96 S. Ct. 948, 47 L. Ed. 2d 114 (1976) ("It long has been established, of course, that the United States, as sovereign, 'is immune from suit save as it consents to be sued . . . .'" (citing United States v.

3

Sherwood, 312 U.S. 584, 586, 61 S. Ct. 767, 85 L. Ed. 1058 (1941)). The Federal Government can, however, waive that immunity by consenting to be sued. Testan, 424 U.S. at 399. But any such waiver must be unequivocal. United States v. Idaho ex rel. Dep't of Water Res., 508 U.S. 1, 7, 113 S. Ct. 1893, 123 L. Ed. 2d 563 (1993) ("There is no doubt that waivers of federal sovereign immunity must be 'unequivocally expressed' in the statutory text."); Dep't of Energy v. Ohio, 503 U.S. 607, 615, 112 S. Ct. 1627, 118 L. Ed. 2d 255 (1992) ("[A]ny waiver of the National Government's sovereign immunity must be unequivocal . . . ." (citing United States v. Mitchell, 445 U.S. 535, 538-39, 100 S. Ct. 1349, 63 L. Ed. 2d 607 (1980)). The terms of consent, then, define the limits on the Court's jurisdiction to consider Plaintiff's suit, see Testan, 424 U.S. at 399 ("the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.") (citing Sherwood, 312 U.S. at 586), and those limits on the scope of the waiver must be strictly construed in favor of the Untied States. McMahon v. United States, 342 U.S. 25, 27, 72 S. Ct. 17, 96 L. Ed. 26 (1951) ("statutes which waive immunity of the United States from suit are to be construed strictly in favor of the sovereign." (citations omitted)). Courts will not enlarge the reach of those statutes "beyond what the language requires." E. Transp. Co. v. United States, 272 U.S. 675, 686, 47 S. Ct. 289, 71 L. Ed. 472 (1927). Moreover, where a statute is open to more than

4

one "plausible" interpretation, it will not be held to have the "'unequivocal expression' of elimination of sovereign immunity" that the Supreme Court "insists" upon. United States v. Nordic Vill. Inc., 503 U.S. 30, 37, 112 S. Ct. 1011, 117 L. Ed. 2d 181 (1992).

The United States has consented to be sued regarding overpayments of taxes, but that consent is limited. See 28 U.S.C. § 1346(a)(1) (authorizing the suit against the United States for recovery of internal revenue tax); I.R.C. §§ 7422, 6511 (outlining the prerequisites to suing in district court for a tax refund); see, e.g., Costa v. I.R.S., No. 97-CV-2688, 1999 WL 691899, at *3 (E.D.N.Y. 1999) ("the Government is ordinarily immune from suit, and a claim to recover overpayment of taxes exists only by virtue of a statutory waiver of sovereign immunity.").

B.  Statute of Limitations

The United States can limit its consent to be sued, which in turn defines the boundaries of the courts' jurisdiction. United States v. Dalm, 494 U.S. 596, 608, 110 S. Ct. 1361, 108 L. Ed. 2d 548 (1990). Those limits include statutes of limitations. Id. ("A statute of limitations requiring that a suit against the Government be brought within a certain time period is one of those terms [that defines a court's jurisdiction]." (citations omitted)); Block v. N.D. ex rel. Bd. of Univ. and Sch. Lands, 461 U.S. 273, 287, 103 S. Ct. 1811, 75 L. Ed. 2d. 840 (1983) ("When waiver legislation

contains a statute of limitations, the limitations provision constitutes a condition on the waiver of sovereign immunity."). Accordingly, if Plaintiff failed to comply with the statute of limitations from I.R.C. § 6511, and did not timely file his refund claim, the Court will lack jurisdiction and must dismiss this suit. See Rosenbluth Trading, Inc. v. United States, 736 F.2d 43, 47 (2d Cir. 1984) ("The filing of a timely refund claim is a jurisdictional requirement, which cannot be waived . . . .")

    C.    Internal Revenue Code

Plaintiff's suit is controlled by two sections of the Internal Revenue Code--§ 7422 and § 6511.[2] Section 7422(a) requires that, as a prerequisite to filing suit in District Court for a tax refund, a taxpayer must first file for a refund with the Secretary of the IRS. I.R.C. § 7422(a).[3] Section 6511 provides a

---

[2] The IRS, in a footnote, acknowledges that Plaintiff's proper remedy may have been under I.R.C. § 1341. (Def.'s Mem. n.2.) In Plaintiff's reply to Defendant's motion, he raises I.R.C. § 1341 as a defense. (Pl.'s Reply 2.) Because Plaintiff was clearly aware of this section, and chose not to raise it in his Complaint or in a motion to amend the Complaint, the Court need not address the merits of a claim under this section. If Plaintiff wishes to assert a claim under § 1341, he may file an Amended Complaint.

[3] "(a) No suit prior to filing claim for refund.--No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance

limitations period on the time taxpayers have to file with the IRS.[4]  I.R.C. § 6511(a).[5]  Taxpayers have either three years from the date the return was filed, or two years from the time the tax was paid--whichever period expires later--to file their refund claim with the IRS.  Id.  Failing to comply with § 6511's requirements will deny a taxpayer access to district court.  United

---

thereof."  I.R.C. § 7422(a).

[4] Section 6511 provides only one exception to its statute of limitations--where an individual is financially disabled.  See I.R.C. § 6511(h).  An individual is "financially disabled" where he or she "is unable to manage his [or her] financial affairs by reason of a medically determinable physical or mental impairment of the individual which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  Id.  Here, there are no allegations that Plaintiff is financially disabled.  And the facts do not suggest that he is.  Moreover, no implicit exceptions, such as equitable tolling, exist in the Tax Code.  See United States v. Brockamp, 519 U.S. 347, 117 S. Ct. 849, 136 L. Ed. 2d 818 (1997) (rejecting the argument that "courts can toll, for nonstatutory equitable reasons, the statutory time (and related amount) limitations for filing tax refund claims set forth in § 6511 of the Internal Revenue Code . . . ."); In re Rodriguez, 387 B.R. 76, 92 (Bankr. E.D.N.Y. 2008) ("Congress did not intend courts to read other unmentioned, open-ended, 'equitable' exceptions into the statute that it wrote. There are no counterindications.").

[5] "(a) Period of limitation on filing claim.--Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.  Claim for credit or refund of an overpayment of any tax imposed by this title which is required to be paid by means of a stamp shall be filed by the taxpayer within 3 years from the time the tax was paid."  I.R.C. § 6511(a).

States v. Clintwood Elkhorn Min. Co., __ U.S. __, 128 S. Ct. 1511, 1515, 170 L. Ed. 2d 392 (2008) ("unless a claim for refund of a tax has been filed within the time limits imposed by § 6511(a), a suit for refund . . . may not be maintained in any court." (citation and internal quotation marks omitted)). So, if Plaintiff did not timely file his refund claim with the IRS, he is precluded from suing in this Court. See Clintwood Elkhorn, 128 S. Ct. at 1514 ("a taxpayer must file an administrative claim with the Internal Revenue Service before filing suit against the Government."); Commissioner v. Lundy, 516 U.S. 235, 241, 116 S. Ct. 647, 133 L. Ed. 2d 611 (1996) ("the provisions governing refund suits in United States District Court . . . make timely filing of a refund claim a jurisdictional prerequisite to bringing suit . . . .").

Plaintiff filed his tax return for the 2001 tax year on April 15, 2002. And the final payment on his 2001 tax obligation occurred on April 15, 2003. Thus, to have timely filed for a refund with the IRS, Plaintiff's refund claim was due with the IRS by April 15, 2005.[6] But Plaintiff filed his refund claim with the IRS on July 10, 2007. This date falls outside of the limitations period prescribed by IRC § 6511(a). Plaintiff thus failed to comply with the prerequisites for filing suit in District Court,

---

[6] Calculating the limitations period from both the date of Plaintiff's 2001 tax return (three years from April 15, 2002), and from the date of the final payment on Plaintiff's 2001 tax return (two years from April 15, 2003), provides the same cut-off date: April 15, 2005.

8

depriving this Court of jurisdiction.  Accordingly, the Court must dismiss Plaintiff's suit.

Although the Court appreciates Plaintiff's plight--in that his overpayments were not his fault--this is of no moment.[7] "That a taxpayer does not learn until after the limitations period has run that a tax was paid in error, and that he or she has a ground upon which to claim a refund, does not operate to lift the statutory bar." Dalm, 494 U.S. at 610 n.7; see also United States v. Forma, 42 F.3d 759, 763 (2d Cir. 1994) ("even taxpayers with patently meritorious refund claims can be tripped up procedurally and be left without a remedy."). As a result, Defendant's motion is GRANTED.

## CONCLUSION

Based on the foregoing, it is hereby

ORDERED that the Clerk of the Court mail a copy of this Order to Plaintiff; and it is further

ORDERED that Plaintiff's Complaint is dismissed without prejudice, with leave to amend by October 30, 2009; and it is further

ORDERED that, should Plaintiff file an Amended Complaint, he must allege facts specific enough to raise a claim under I.R.C.

---

[7] While Plaintiff's suit against the IRS must be dismissed, the Court makes no determinations on the viability of Plaintiff's possible causes-of-action against the Board, since Plaintiff did not raise any such claims in his Complaint.

9

§ 1341, 26 U.S.C. § 1341.  The Amended Complaint must be captioned as an "Amended Complaint" and bear the same docket number as this Order; and it is further

ORDERED, that if Plaintiff fails to submit an Amended Complaint by October 30, 2009, the Complaint will be dismissed with prejudice, and the case will be closed.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   September  25  2009
         Central Islip, New York