UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
MICHAEL W. MCGUIGAN,

                    Plaintiff,

          -against-                          MEMORANDUM & ORDER
                                             08-CV-3065(JS)(ETB)
INTERNAL REVENUE SERVICE,

                    Defendant.
-----------------------------------X
APPEARANCES:
For Plaintiff:      Michael W. McGuigan, pro se
                    606 Birch Hollow Drive
                    Shirley, NY 11967

For Defendant:      Joseph R. Rodriguez, Esq.
                    U.S. Department of Justice
                    P.O. Box 55
                    Ben Franklin Station
                    Washington, DC 20044

SEYBERT District Judge:

          Pro se Plaintiff Michael W. McGuigan ("Plaintiff")
filed an Amended Complaint against the Defendant Internal
Revenue Service ("Defendant" or the "IRS") asserting entitlement
to a partial tax refund from the 2001 tax year.  Defendant moves
to dismiss the Amended Complaint.  Although it sympathizes with
Plaintiff, the Court agrees with Defendant that Plaintiff's case
must be dismissed.

<u>BACKGROUND</u>

Much of this case's relevant background was laid out in the Court's September 25, 2009 Memorandum & Order (the "September 25 Order"). Briefly, Plaintiff timely paid his 2001 individual federal income taxes on April 15, 2003. (Def. Ex. 1, 1-2.) In the winter of 2007, the United States Railroad Retirement Board (the "Board") notified Plaintiff that it had misstated which portion of his pension was taxable and which part should have been treated as Social Security. The Board advised Plaintiff to amend his returns for the tax years 2001 through 2005. (<u>See</u> Docket Entry 1, ¶ iii.) McGuigan amended his 2001 return and requested a refund on July 10, 2007. (Def. Ex. 1, 1.) The IRS determined that Plaintiff's request was time-barred, a decision that was upheld by the agency's appeals section.

Plaintiff filed a Complaint against the IRS[1] on July 28, 2008. (<u>See</u> Docket Entry 1.) The Court granted Defendant's motion to dismiss for lack of subject matter jurisdiction, but it permitted Plaintiff leave to file an Amended Complaint that

---

[1] The Court previously explained that the IRS is not a sueable entity. (September 25 Order at 2 n.1 ("An agency can only be sued in its own name when authorized by Congress . . . [a]nd Congress has not authorized suit against the IRS in its own name.")). Nevertheless, as Plaintiff is litigating <u>pro</u> <u>se</u>, the Court will construe his claim as against the United States for the purpose of this motion. <u>See</u> <u>Greene v. I.R.S.</u>, 348 Fed. Appx. 625, 626, (2d Cir. 2009) (noting that the United States is the proper defendant in suits against the IRS).

asserted a claim under the claim-of-right doctrine, codified at Section 1341 of the Internal Revenue Code, 26 U.S.C. § 1341 ("Section 1341").  (September 25 Order 9-10.)  When Plaintiff failed to file an Amended Complaint within the prescribed time, the Court dismissed Plaintiff's case with prejudice.  (Docket Entry 25.)  The United States Court of Appeals for the Second Circuit vacated that Order and remanded the case with instructions to grant Plaintiff additional time to file an Amended Complaint.  McGuigan v. I.R.S., No. 10-621-cv, 2010 U.S. App. LEXIS 24804, at *1 (2d Cir. July 8, 2010).  Plaintiff timely filed his Amended Complaint, and Defendant's motion to dismiss followed.

<u>DISCUSSION</u>

Defendant argues that the Court does not have subject matter jurisdiction over Plaintiff's claim.

I. <u>Legal Standard</u>

In opposing a motion to dismiss for lack of subject matter jurisdiction, Plaintiff has the burden of proving jurisdiction by a preponderance of the evidence.  <u>See</u> <u>Makarova v. United States</u>, 201 F.3d 110, 113 (2d Cir. 2000).  In resolving questions of subject matter jurisdiction, the Court is not bound to draw all inferences in Plaintiff's favor.  <u>See</u> <u>Shipping Fin. Servs. Corp. v. Drakos</u>, 140 F.3d 129, 131 (2d Cir. 1998) (<u>citing</u> <u>Norton v. Larney</u>, 266 U.S. 511, 515, 45 S. Ct.

2

145, 69 L. Ed. 413 (1925)). To the extent, however, that Plaintiff asserts relevant facts, the Court accepts them as true for the limited purpose of deciding this motion. See id. ("When considering a motion to dismiss for lack of subject matter jurisdiction or for failure to state a cause of action, a court must accept as true all material factual allegations in the complaint."). The Court is mindful of its obligation to read Plaintiff's pro se Amended Complaint with special solicitude, see Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d 2009), but it recognizes also that pro se litigants are bound by the rules of law. See Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983).

II. Application

        Plaintiff's Amended Complaint must be dismissed for the same reasons as his original Complaint: although not Plaintiff's fault, his refund claim was filed too late. Plaintiffs may not file a lawsuit to obtain a tax refund unless they timely file a refund claim with the IRS. See September 25 Order at 6-8; 26 U.S.C. § 7422(a). Refund claims for an overpayment of taxes in any particular taxable year must be made within (1) three years of the date on which the tax return for that taxable year was filed or (2) two years of the date on which the tax was paid. 26 U.S.C. § 6511(a). The Court already concluded Plaintiff's refund claim was untimely (id.), and

because a timely refund claim is a jurisdictional prerequisite for lawsuits seeking tax refunds, the Court does not have jurisdiction to hear this case (id. at 6-7).

CONCLUSION

The Court is sympathetic to Plaintiff both because the untimeliness of his refund claim was the Board's fault, not his, and because the present litigation concerning the claim-of-right doctrine proved to be a red herring. Nevertheless, the Court is bound to GRANT Defendant's motion to dismiss. Plaintiff's Amended Complaint is dismissed and the Clerk of the Court is directed to mail Plaintiff a copy of this Order and to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:     September __14__ , 2011
           Central Islip, New York